Attorneys—Moore, DeVaul & Moore Woodsfield, for pltf.

---

## No. 572

### ROBINSON v. STOUT

No. 19858. Supreme Court

On motion to certify. Dock. June 1, 1926.

829. NEGLIGENCE—Where in an action for personal injuries received by falling down an elevator shaft it is shown that the injured party was familiar with the elevator and yet walked into the shaft while the elevator was at an upper story, has such contributory negligence been committed as to preclude a recovery?

W. L. E. Stout brought this action originally in the Allen Common Pleas against O. C. Robinson for the recovery of damages sustained from personal injuries. It appears that Robinson had leased a certain building in Lima and had then released portions of the building to retail merchants. A freight elevator in the building provided for the use of tenants was operated by any party using the same and Stout was injured while attempting to deliver some ice by walking into the shaft which was partly opened and falling to the basement, the elevator being at the second floor. The evidence disclosed that Stout had operated the elevator on previous occasions and that he assumed the elevator to be on the first floor, it being too dark for him to see that the elevator was not on the first floor.

The judgment of the Common Pleas rendered on a verdict for Stout was affirmed by the Court of Appeals.

Robinson in the Supreme Court contends:

1. That Stout committed contributory negligence and should thereby be precluded from a recovery.

2. That the judgment is contrary to law in that it permits a recovery by one who has committed contributory negligence.

Attorneys—A. M. Rodgers and C. H. Klinger, Lima, for Pltf.; J. H. Flick and E. M. Botkin, Lima, for Deft.

---

## No. 573

### PEOPLES SAVINGS CO. v. HARABAUGH

No. 19871. Supreme Court

On motion to certify. Dock. June 7, 1926.

755. MECHANIC'S LIENS—Within the purview of 8315 GC. is service of a copy of the lien upon the wife of the owner sufficient when the owner is away at the time of the service?

The Peoples Building & Savings Company of Xenia granted a loan of $3000 to one W. H. Cary and accepted as security a mortgage on two lots, which mortgage was duly recorded. Subsequently one R. W. Harabaugh filed two mechanic's liens against the same property. A receiver was appointed for Cary and the question at issue is whether or not the mortgage has priority to the mechanic's liens.

The evidence revealed that a copy of the lien was served on Mrs. Cary at the alleged residence of Mr. and Mrs. Cary, Mr. Cary being absent at the time of service.

The Common Pleas held that the mechanic's liens had priority to the mortgage which judgment was affirmed by the Appeals.

The Savings Company in the Supreme Court contends:

That no service was made upon the owner in accordance with 8315 GC., because Mrs. Cary was not "owner", "part owner," "lessee", or "agent of the owner".

Attorneys—C. W. Whitmer, and M. Shoup, Xenia, for Pltf.; G. E. Nichols, Dayton, and Marshall & Marshall, Xenia, for Deft.

---

## No. 574

### GIEHL v. STATE

No. 19842. Supreme Court

On motion to certify. Dock. May 25, 1926.

661. INTOXICATING LIQUORS—Where an individual has been found guilty of unlawfully selling intoxicating liquors, is the subsequent charge of possessing intoxicating liquors a second offense within the purview of 108 OL. Pt. 2, Page 1182?

Joseph Giehl was found guilty by the Probate Court of Madison County of unlawfully selling intoxicating liquors in violation of 6212-12 GC.

Subsequently he was found guilty of unlawfully possessing intoxicating liquors in violation of 6212-15 GC. A motion to quash the part of the affidavit concerning "a second offense", on the theory that the first offense was not the same as the second offense was overruled, by the court and a fine of $500 assessed. This judgment was affirmed by the Appeals.

Giehl in the Supreme Court contends:

1. That the crime of possessing intoxicating liquors is not the same as unlawfully selling intoxicating liquors and therefore he did not commit a second offense.

2. That his commitment to jail by order of the court for his failure to pay the fine was in violation of 13717 GC. for the reason that the order of the court did not provide for credit of 60 cents per day while in jail to apply on the fine.

Attorneys—Knepper & Wilcox, P. E. Dempsey, Columbus, for Pltf.; H. H. Crabbe, London, for Deft.